SHIVERS, Judge.
Appellant, Ronald M. Thompson, appeals from the trial court’s summary denial of his motion for. post-conviction relief, in which he raised three issues: (1) that defense counsel erroneously advised appellant that he could receive a life sentence if convicted; (2) that appellant should have been allowed to withdraw his guilty plea when the trial court rejected the terms of a plea agreement; and (3) that the 25-year sentence imposed by the trial court improperly exceeded the statutory maximum of 15 years for second-degree felonies. It appears from the record on appeal that the judgment and sentence rendered in appel *891 lant’s case became final sometime in 1980 or 1981 or, in any case, more than two years prior to the December 1987 filing of appellant’s motion for post-conviction relief. That being the case, only the third issue in the motion was timely raised. Fla. R.Crim.P. 3.850. Since the trial court’s denial was not based on the legal insufficiency of the motion on its face, we reverse and remand for the court to either attach portions of the files and records showing that appellant is entitled to no relief on the sentencing issue, or to otherwise follow the requirements of Rule 3.850.
REVERSED and REMANDED.
MILLS and WENTWORTH, JJ., concur.